## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| DANITA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02742-TLP-cgc |
| v. | ) | |
| | ) | JURY DEMAND |
| SEDGWICK CLAIMS MANAGEMENT | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE A SETTLEMENT AGREEMENT

Defendant, Sedgwick Claims Management Services, Inc. moves to enforce a settlement agreement. (ECF No. 16.) Plaintiff, Danita Brown, failed to respond to the motion, so the Court issued an order to show cause why the Court should not grant Defendant's motion to enforce a settlement agreement. (ECF No. 18.) The order to show cause provided that Plaintiff must show cause on or before July 17, 2020, and then appear at a telephonic show cause hearing a few days later. (*Id.*)

Plaintiff's counsel appeared at the telephonic show cause hearing and informed the Court that he may now have a conflict in the case. (*See* ECF No. 20.) So the Court granted Plaintiff seven more days to either respond to the pending motion or have another attorney appear and respond to it. (*Id.*) Plaintiff responded (ECF No. 21), and, with permission of the Court, Defendant replied (ECF No. 24).

For the reasons below, the Court **GRANTS** Defendant's motion to enforce the settlement agreement.

## **BACKGROUND**

While the facts alleged in the complaint are no longer relevant, the Court has to consider the facts and timeline related to the settlement negotiations in evaluating whether the parties reached an enforceable agreement.  Although the parties disagree about the legal effect of their negotiations, the basic facts outlined below are seemingly undisputed.

In May 2020, the parties, through counsel, mediated their case with mediator Michael L. Russell ("Mediator Russell").  (ECF No. 17 at PageID 63.)  After eight hours of mediation, the parties agreed to resolve the matter and Mediator Russell emailed counsel for both parties confirming that they had reached a settlement and stating the explicit settlement terms.  (*Id.*)  Counsel for both parties confirmed the settlement.  (*Id.* at PageID 64.)

Then, the parties' counsel negotiated the language of the release and settlement agreement.  (*Id.*; ECF No. 17-3.)  Plaintiff's counsel proposed many revisions, to which Defendant agreed.  (ECF No. 17 at PageID 64.)  Defendant then incorporated all revisions and sent a final version to Plaintiff's counsel for her signature.  (*Id.*)  But now Plaintiff will not sign the settlement agreement.  (*Id.* at PageID 65.)  Brown's counsel informed Defendant that his "client is having buyer's remorse."  (*Id.*)

Defendant now asks the Court to enforce the settlement agreement.  (ECF No. 16.)  Plaintiff opposes the motion, arguing that the release does not accurately reflect the terms agreed to during the mediation.  (ECF No. 21.)

According to Plaintiff, these seven terms undergirded the settlement agreement:

1.      Defendant will pay Plaintiff $50,000.00, inclusive of attorneys' fees.  Twenty-five percent (25%) of this amount shall be allocated as wages.

2.      Plaintiff will also be able to cash the severance check that is currently in her possession.

3.      Defendant will pay the full mediation fee.

4.      Defendant makes no admission of liability.

5.      Plaintiff will dismiss her case with prejudice and release all claims against Defendant.

6.      Plaintiff shall keep the terms of the settlement strictly confidential and shall not disparage Defendant.  Defendant shall be entitled to $250.00 liquidated damages per violation in the event of a breach.

7.      If contacted by a prospective employer, Defendant shall respond with a neutral reference consisting solely with dates of employment and position held.  Plaintiff shall be entitled to $250.00 liquidated damages per violation in the event of a breach.

(ECF No. 21 at PageID 96.)

Plaintiff also has many issues with the release drafted by Defendant.  The Court addresses those concerns below.

## LEGAL STANDARD

"It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them."  *Anglo-Danish Fibre Indus., Ltd. v. Columbian Rope Co.*, No. 01-2133 GV, 2002 WL 1784490, at *3 (W.D. Tenn. June 21, 2002) (citing *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988)).  A settlement agreement is a type of contract governed "'by reference to state substantive law governing contracts generally.'"  *Cogent Sols. Group, LLC v. Hyalogic, LLC*, 712 F.3d 305, 309 (6th Cir. 2013) (quoting *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992)).  To enforce a settlement agreement, "the district court must conclude that agreement has been reached on all material terms."  *Anglo-Danish*, 2002 WL 1784490, at *3 (citing *Brock*, 841 F.2d at 154).

## ANALYSIS

3

I.      **Failure to Agree on Terms of the Agreement**

Plaintiff alleges that Defendant included many terms in the draft release to which

Plaintiff did not agree as part of the settlement agreement.  (ECF No. 21 at PageID 96.)  First,

Plaintiff claims that she never agreed to be "responsible for the confidentiality of her family, her

heirs and anyone else that she had no control over."  (*Id.*)  Next, Plaintiff alleges that she never

agreed to any Medicare representation because "there are no medical bills" and "this is not a

personal injury case."  (*Id.*)  Third, Plaintiff contends that she never waived her right to apply

with Defendant ever in the future and never agreed that she could lose a job even if she took a

position with an affiliate of Defendant even if she did not know of their affiliation.  (*Id.*)

Finally, Plaintiff contends that she never agreed to pay reasonable attorneys' fees if she

breached the settlement agreement.  (*Id.*)

Defendant counters that the parties had agreed to each of Plaintiff's challenged

provisions.  (ECF No. 24.)  According to Defendant, these provisions appeared in the first draft

sent to Plaintiff and Plaintiff's counsel neither objected to nor proposed revisions to most of

them.  (*Id.* at PageID 102–03.)  Besides, Defendant argues that it then adopted and incorporated

all revisions proposed by Brown's counsel into the release.  (*Id.* at PageID 101–02.)  This shows

the parties agreed to all the terms to which Plaintiff now objects.  (*Id.*)  Defendant thus contends

that Plaintiff's hesitation now evidences no more than buyer's remorse, which is not enough to

negate the settlement agreement.  (*Id.* at PageID 103.)

Under Tennessee law, "[a] contract must result from a meeting of the minds of the parties

in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or

undue influence, not against public policy, and sufficiently definite to be enforced."  *Stauback v.*

*Retail Servs.-Southeast, LLC v. H. G. Hill Realty Co.*, 160 S.W.3d 521, 524 (Tenn. 2005)

(internal quotations omitted).  Plaintiff here contends that the settlement agreement is not enforceable because there was no mutual assent to its terms.  (*See* ECF No. 21.)

A court can enforce an agreement if it can discern the central terms of the agreement. *Higgins v. Oil, Chem. & Atomic Workers Int'l Union, Local # 3-677*, 811 S.W.2d 875, 880–81 (Tenn. 1991); *see also Seymour v. Renaissance Healthcare Grp., LLC*, No. 3:14-CV-144-PLR-HBG, 2015 WL 1458049, at *2 (E.D. Tenn. Mar. 30, 2015) ("Before enforcing a settlement, the court must conclude that agreement has been reached on all material terms.").  The central terms must be definite enough to show the parties' mutual assent. *Davidson v. Holtzman*, 47 S.W.3d 445, 455 (Tenn. Ct. App. 2000).  In *Higgins*, the Tennessee Supreme Court explained "even though a manifestation of intention is intended to be understood as an offer, it cannot be accepted so as to form a contract unless the terms of the contract are reasonably certain." *Higgins,* 811 S.W.2d at 881 (quoting Restatement (Second) of Contracts § 33(1)).  And terms are "reasonably certain" if they "provide a basis for determining the existence of a breach and for giving an appropriate remedy." *Id.* (quoting Restatement (Second) of Contracts § 33(2)).  Thus, if the agreement contains reasonably certain and definite terms, the court can enforce the agreement. *Davidson*, 47 S.W.3d at 455.

Here, the Court finds that the terms of the settlement agreement were reasonably certain and the parties agreed to the essential terms in the agreement.  Consequently, Plaintiff's position is unpersuasive.  Plaintiff does not dispute that Defendant circulated a draft release to her counsel as part of the settlement agreement.  (ECF No. 17-1.)  Then Plaintiff's counsel proposed revisions to some terms, leaving others alone.  And so defense counsel incorporated each revision into the final release.  (*Id.*; *see also*, ECF No. 17 at PageID 64.)  What is more, Plaintiff's counsel never objected to the terms Plaintiff now disputes during their negotiations

over the settlement agreement's language.  (*See* ECF Nos. 17 & 24.)  Nor does Plaintiff allege

that Defense counsel added the now-disputed terms after those negotiations.  (*See* ECF No. 21.)

Finally, Plaintiff does not claim she had no opportunity to consider or revise the now-disputed

terms.  (*Id.*)

   The Court thus finds that the parties agreed on the essential terms of the release as part of

the settlement agreement.[1]  In fact, Plaintiff's reservations about signing the settlement

agreement are just settlor's remorse.  "There is no basis to rescind a contract in the mere

emotional regret of having agreed to its terms."  *Echols v. Williams*, 267 F. Supp. 2d 865, 867

(S.D. Ohio 2003).  The Court realizes that Plaintiff has had second thoughts about the

settlement, but such thoughts are not uncommon to any settlement.  And second thoughts are

not enough to void Plaintiff's obligations under the settlement agreement.  *See Mich. Reg'l

Council of Carpenters v. New Century Bancorp., Inc.*, 99 F. App'x 15, 23 (6th Cir. 2004).

   For these reasons, the Court finds well-taken Defendant's arguments that the parties

agreed to the essential terms of their settlement and the release.  The Court next addresses

Plaintiff's argument that Defendant violated the settlement agreement.

## II. Defendant did not Violate the Settlement Agreement

   Plaintiff also contends that Defendant violated the second term of the agreement because

she could not cash the severance check she had in her possession.  (ECF No. 21 at PageID 96.)

Although Defendant stated that it would work with her to resolve this issue, Plaintiff contends

that "this set the trend of concerns of potential breaches of the settlement agreement."  (*Id.*)

---

[1] Besides, even if the Court did not find that the parties agreed to the terms of the release,
Defendant correctly points out that terms specific to the release are not material terms to the
settlement agreement such as would invalidate the settlement agreement made by the parties at
mediation.  (*See* ECF No. 17 at PageID 68–69 (citing to *Boyce v. Alpha Omega Veterans Servs.*,
No. 08-cv-02665, 2009 WL 10699665, at *2 (W.D. Tenn. Sept. 24, 2009)).

Defendant responds that it did not breach the settlement agreement. (ECF No. 24 at PageID 101.) According to Defendant, the sole reason Plaintiff could not cash the check is because it expired, and Defendant has agreed to reissue the severance check. (*Id.*) In fact, Plaintiff's counsel emailed Defendant stating just that: "I just received a call from [Plaintiff] and she states that the bank returned the check because it was older than 180 days. Can you reissue that check also?" (ECF No. 24-1.) Defense counsel then forwarded that message to an employee of Defendant with directions to reissue Plaintiff's original severance check. (*See id.*) Given the circumstances around the return of Plaintiff's severance check, Plaintiff has not convinced the Court that Defendant violated the settlement agreement.

What is more, the potential breach of the agreement is not a proper ground for invalidating an otherwise valid and enforceable settlement agreement. Once the parties reach a settlement agreement, it should only be set aside if shown to be invalid based on fraud or mutual mistake. *See Henley v. Cuyahoga Cnty. Bd. of Mental Retardation & Dev. Disabilities*, 141 F. App'x 437, 443 (6th Cir. 2005). "More importantly, once a settlement is reached, it is the party challenging the settlement who bears the burden to show that the settlement contract was based on fraud or mutual mistake." *Id.*

As the Court finds that the parties reached an enforceable settlement agreement, Plaintiff may only avoid enforcement of the agreement if she can show that it is invalid. But Plaintiff does not try to argue any grounds which would invalidate the settlement agreement between the parties.

## CONCLUSION

The record here shows that the parties reached a settlement agreement and agreed to the release. (*See* ECF Nos. 17, 21, 24.) Plaintiff's second thoughts cannot rid her of her obligation

under the settlement agreement.  And Plaintiff's allegations of breach of the settlement

agreement are unpersuasive.  For all the above reasons, the Court **GRANTS** Defendant's

motion to enforce the settlement agreement.

      **SO ORDERED**, this 2nd day of September, 2020.

                               s/ Thomas L. Parker
                               THOMAS L. PARKER
                               UNITED STATES DISTRICT JUDGE